G. ATILES MORÉU, MANAGER OF STATE INSURANCE FUND, Petitioner, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, Respondent; ALFREDO FERNÁNDEZ, Claimant.

No. 318. Argued June 5, 1944.—Decided July 10, 1944.

*M. Rodríguez Ramos, Acting Attorney General, G. Benítez Gautier, Deputy Attorney General,* and *Joaquina Pérez Cordero, Angel de Jesús Matos, Joaquín Correa Suárez,* and *A. Sandín del Manzano, Legal Advisers of the State Insurance Fund,* for petitioner. *E. Cormier* for claimant.

MR. JUSTICE DE JESÚS delivered the opinion of the court.

Alfredo Fernández, a laborer of the Department of the Interior, died as a consequence of an accident which he suffered while on the section of the road to which he had been assigned. The Manager of the State Fund, after being informed of the accident, denied compensation to his dependents because the accident, according to the manager, did not arise during the course of, or because of the functions of, the laborer as a road laborer.

The case was appealed to the Industrial Commission, which decided that the laborer lost his life on June 29, 1942, in an accident which arose from an act or function inherent in his employment, in the course of the same, and as a consequence of it.

The manager then filed the present petition.

 The commission, in discussing the evidence, expressed itself in the following terms:

"The evidence is conflicting, since some eyewitnesses testified that the road laborer was at the time that he was run over by the truck running after a cow that was in the road section assigned to him, while other eyewitnesses testified that while the road laborer was trying to climb into the truck, it started to move, the laborer slipped, and was run over by a truck from behind. *Even assuming that the laborer had tried to board the truck in the same section of the road which it was his duty to watch and while said truck was at a stop, it does not seem to us that this act can be considered as one of wantom recklessness.* Neither do we believe that the fact that the laborer slipped when the truck started to move, he being then run over by another truck that was coming behind amounts to wantom recklessness, but that it rather amounts to an unexpected and regrettable accident.

" * * * * * * *

"We believe that in this case the road laborer could use a truck in the road section to which he was assigned by the Department of the Interior to fulfill any of the duties imposed upon him by the law and the regulations regarding road laborers. As aforesaid, and *assuming* that the laborer tried to climb into a truck at the very place where he worked and that when said truck started to move he slipped and fell and was then run over by another truck that was coming behind, this does not constitute, in our opinion, wantom recklessness, nor does it take him out of the natural course of his functions as a road laborer. This is, as already said, *assuming* that the road laborer boarded the truck. But *assuming* that the road laborer was run over while discharging his duties as such trying to run out of the road where there was a cow that was loose, we understand that then the accident to the laborer occurred in the course of his employment and as a consequence thereof.

"The evidence introduced at the public hearing as we have analyzed it leads us to the conclusion that in the instant case the road laborer lost his life in an accident which occurred in an act or function inherent in his employment and that it arose in the course of the same and as a consequence of it." (Italics ours.)

It is the commission's duty—especially in cases like the instant one, in which two conflicting theories are advanced as

regards the manner in which an accident has occurred—to decide the conflict in the evidence in favor of one of the parties. This is the purpose of the Act. This is a duty that the commission can not avoid if it is considered that by §11 of the Workmen's Compensation Act, in the proceedings instituted in this court to review its decisions, we are compelled to accept its findings of facts, limiting ourselves exclusively to a review of questions of law, except when dealing with expert testimony.

In this case the need for the commission to make its findings of fact is manifest.[1] If the theory of the road laborer's dependents is true, it will tend to prove that the accident suffered by the laborer was the consequence of an act or function inherent in his employment, occurring in the course of the same and as a consequence thereof. Contrarywise, the Manager's theory, if accepted as true, would not show by itself that the accident is compensable. In order to strengthen this theory so that it will tend to prove that the accident is compensable, the commission was compelled to resort to conjectures and speculations, not warranted by the evidence, as when it is stated in the opinion:

"We believe that in this case the road laborer could use a truck in the road section to which he was assigned by the Department of the Interior to fulfill any of the duties imposed upon him by the law and the regulation regarding road laborers."

The evidence does not disclose that the road laborer boarded the truck in order to discharge any duty imposed upon him by the law or the regulations. None of the witnesses testified as to where the laborer was going when he boarded the vehicle nor for what purpose he did it.

The commission's opinion does not disclose which of the theories is true, since it adopts both to conclude erroneously that regardless of which one is true the accident is compensable. The appealed order does not place us in a position to

[1] See the case of *Atiles, Mgr.* v. *Industrial Commission*, 63 P.R.R. 60.

decide this case, as we can not determine which facts were deemed proved by the commission.

Upon these considerations the appealed order is reversed and the case remanded to the Industrial Commission for further proceedings not inconsistent with this opinion.